UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: 2950 W. Golf, LLC., | ) | Bankruptcy Case No. 17-36643 |
| | ) | |
| Debtor. | ) | Chapter 11 |
| | ) | |
| | ) | Honorable Jack B. Schmetterer |

## MOTION OF BOBS LLC FOR RELIEF FROM THE STAY

Creditor, BOBS LLC d/b/a/ BOBS NEVADA LLC, ("BOBS"), by its attorneys, Ronald Austin, Jr., Karen J. Porter, and Ashley Starks of Grant Law, LLC, moves this Honorable Court pursuant to 11 U.S.C. §362(d)(1) for the entry of an order granting it relief from the automatic stay. In support of this motion, BOBS states as follows:

### JURISDICTION AND VENUE

1. On December 11, 2017, 2950 W. Golf, LLC ("Debtor") commenced this bankruptcy case by filing a voluntary petition for relief under Chapter 11 of title 11 of the United States Code, 11 U.S.C. §101 *et seq.*

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334. Venue is proper pursuant to 28 U.S.C. §1409.

3. This matter is a core proceeding pursuant to 28 U.S.C. §157(b)(A) and (M).

### FACTUAL BACKGROUND

4. Debtor is the record owner of the real property commonly known as 2950 West Golf Road, Units 1, 2 and 3, Rolling Meadows, Illinois ("Convention Center"). The Convention Center is a 144,000 square foot multi-function entertainment facility.

5. On April 8, 2015, Debtor executed a Promissory Note and Loan Agreement promising to pay $4,700,000.00 to Spring 7 Loft, LLC ("Lender"). The Note is secured by a mortgage on the Convention Center that was recorded with the Cook County Recorder of Deeds

on April 9, 2015, as Document No. 1509913043 ("Mortgage"). The Note is also secured by a UCC Financing Statement recorded on April 9, 2015 with the Cook County Recorder of Deeds as Document No. 1509913044, and recorded on April 15, 2015 with the Illinois Secretary of State as Document No. 020210508.

6. The Mortgage contains an Assignment of Leases and Rents in which Debtor conveyed the leases and rents to the Lender. The Assignment of Leases and Rents also gives Lender the right, upon "an Event of Default, to collect, demand, sue for, attach, levy, recover and receive any Rent . . . and, after deducting the expenses of collection, to apply the net proceeds thereof as a credit upon any portion of any indebtedness" owed to the Lender.

7. On September 30, 2016, the Lender assigned "all right, title and interest" in the Note, Loan Agreement, Mortgage, and UCC Financing Statements to BOBS. The Assignment of Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing ("Assignment") was recorded with the Cook County Recorder of Deeds on September 1, 2017 as Document No. 1724444075. A copy of the Assignment of Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing ("Assignment") that was recorded with the Cook County Recorder of Deeds on September 1, 2017 as Document No. 1724444075 is attached as Exhibit A.

8. On October 8, 2016, the Note matured. Debtor failed to pay the balance due on the Note on the maturity date. Therefore, Debtor is in default of the Note. Debtor currently owes approximately $6,900,000.00 on the Note. A copy of the Prove-Up Affidavit filed by BOBS in the foreclosure case is attached to this Motion as Exhibit B.

## MORTGAGE FORECLOSURE PROCEEDINGS

9. On September 5, 2017, BOBS filed a mortgage foreclosure action against Debtor in the Circuit Court of Cook County, Case No. 17 CH 12072.

10. On October 16, 2017 BOBS filed a motion to appoint receiver and set conditional receiver bond. On November 7, 2017, Debtor filed its response to the motion to appoint receiver. On November 14, 2017, BOBS filed its reply in support of the motion to appoint receiver. The motion to appoint receiver was fully briefed and set for a hearing on November 30, 2017.

11. To delay the foreclosure case and to obstruct BOBS from obtaining the appointment of the receiver, the Debtor and several other defendants in the foreclosure case filed multiple motions for substitution of judge.

12. On October 3, 2017, the Debtor filed a motion for substitute of judge as of right. On November 15, 2017, Sashi A. Patel filed a motion for substitution of judge as a matter of right. On November 21, 2017, Madan Kulkarni filed a motion for substitution of judge as of right. On November 22, 2017, Club Meadows Realty LLC filed a motion for substitution of judge as of right. On December 6, 2017, Madan Kulkarni filed a second emergency motion for substitution of judge as a matter of right.

13. On December 8, 2017, BOBS filed an emergency amended motion to appoint receiver. That motion was prompted by the cancellation of the insurance coverage for the Property.

14. On December 11, 2017, the state court entered the Order Appointing Receiver for Non-Residential Property and appointed Daniel Hyman of Millennium Properties R/E as the Receiver for the Property. A copy of the Order is attached to this Motion as Exhibit C.

3

15. Continuing its efforts to prevent a Receiver from taking control of the Property, before the end of the day on December 11, 2017, and before the Receiver could obtain a bond, the Debtor filed this chapter 11 case.

### CLUB MEADOWS REALTY, LLC.

16. On October 1, 2014, Debtor executed a lease agreement to lease 74,000 square feet of floor area at the Convention Center to Club Meadows Realty, LLC. The lease term is for five years, from October 1, 2014 until September 30, 2019.

17. The Lease provides for a monthly rental payment from Club Meadows to the Debtor in the amount of $60,000.00.

18. Club Meadows Realty, LLC is in default on the lease and currently owes more than $2,200,000.00 in rent and other charges.

19. On November 17, 2017, BOBS sent Club Meadows Realty, LLC a Notice of Default and Demand for $2,277,674.74 in unpaid rent.

20. On November 30, 2017, BOBS sent Club Meadows Realty, LLC a Notice of Termination of Lease and Tenancy.

21. Madan Kulkani is the individual in control of the Debtor and Club Meadows Realty, LLC.

22. Madan Kulkani is the manager of the Debtor, 2950 W. Golf, LLC.

23. The equity security holders of the Debtor are Bharat Patel, Shashi Patel and Mr. Kulkani's wife, Shebani Kulkani.

24. The managers of Club Meadows Realty, LLC. are Bharat Patel, Shashi Patel and Mr. Kulkani's wife, Shebani Kulkani.

25. The Meadows Club is the trade name used by Club Meadows Realty, LLC for the banquet business it operates at the Property. The Meadows Club advertises on its website that it is available for trade shows, business meetings, weddings and other events and its main banquet hall can accommodate 1,000 guests.

26. At the meeting of creditors held on January 16, 2017, Madan Kulkarni testified that he is manager of the Meadows Club. In his capacity as the manager of the Meadows Club, Madan Kulkarni is responsible for the business operations of the banquet business. Madan Kulkarni is the individual who has control of the cash receipts and makes the decisions about the cash disbursements of the Meadows Club.

27. At the meeting of creditors Madan Kulkarni testified that Club Meadows Realty, LLC. pays the expenses of the Debtor in lieu of rent. Mr. Kulkarni testified that a lease between the Debtor and Club Meadows Realty, LLC permits the payment of expenses in lieu of rent. Mr. Kulkarni has not produced a copy of the lease he identified as the creditor's meeting.

28. Madan Kulkarni testified that Club Meadows Realty, LLC does not owe the Debtor any amount for rent and that Club Meadows Realty, LLC is a creditor of the Debtor in the amount of $180,000.00 for expenses paid.

29. Madan Kulkarni unilaterally determines what expenses are paid by Club Meadow Realty, LLC and what obligations of the Debtor will be satisfied. Madan Kulkarni has not directed Club Meadows Realty, LLC to pay rent to the Debtor or debt service to BOBS.

30. On January 9, 2018, this court prohibited the Debtor's use of BOBS' cash collateral. The Debtor has taken no action to obtain the use of cash collateral or offer BOBS adequate protection.

31. The Debtor intends to continue to use the revenues of the banquet business collected by the Meadows Club, which is managed by Madan Kulkarni, to pay the expenses of

the Debtor. Madan Kulkarni testified at the creditors meeting that the Debtor's expenses, without debt service are $15,000.00 to $20,000.00 per month.

32. The Debtor has taken no action to formalize this expense paying arrangement with Club Meadows Realty, LLC by obtaining this court's authority to incur more debt with Club Meadows Realty, LLC.

## DELINQUENT REAL ESTATE TAXES

33. Real estate taxes are another one of the expenses that Madan Kulkarni has not directed Club Meadows Realty, LLC to pay on the Debtor's behalf.

34. The Schedule D filed by the Debtor lists Elm Limited for $755,296.54 in unpaid and sold real estate taxes, Equity One Investment for $203,733.61 in unpaid and sold real estate taxes, and Nebraska Alliance for 90,633.10 in unpaid and sold real estate taxes. A copy of Schedule D is attached to this Motion as Exhibit D.

35. The Debtor lists a total of $1,049,663.25 in unpaid real estate taxes that bear interest at the statutory rate which could be more than $180,000.00 per month.

36. The redemption period expires on March 15, 2018, for the $755,296.54 claim for taxes purchased by Elm Limited.

37. The Debtor owes $159,785.12 in real estate taxes for the first installment of 2017 that will be due on March 1, 2018. Copies of the real estate tax information provided by the Cook County Treasurer is attached to this Motion as Exhibit E.

38. At the time the case was filed the Debtor had $1330.53 in the bank. The Debtor has not demonstrated that the Debtor, or its expense payer-Club Meadows Realty, LLC, can pay the taxes due on March 1, 2018, or redeem the sold taxes by March 15, 2018.

## LEGAL BASIS FOR THE RELIEF SOUGHT

39. Section 362(d)(1) of the Code provides that on request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay— (1) for cause, including the lack of adequate protection of an interest in property of such party in interest.

40. The purpose of adequate protection is to ensure that a creditor, such as BOBS, receives what it bargained for. *In re Olde Prairie Block Owner, LLC*, 448 B.R. 482, 493 (Bankr. N.D. Ill. 2011). An equity cushion in the property is not determinative. The important question is whether the creditor's interest is being unjustifiably jeopardized. *In re Strug-Division, LLC*. 380 B.R. 505, 513 (Bankr. N.D. Ill. 2008).

41. A debtor typically provides adequate protection of a creditor's interest in one of three ways: 1) making cash payments to offset any decline in value, 2) providing additional or replacement liens to offset the decline in value, or 3) providing another means to insure that the creditor receives the indubitable equivalent of its interest. *Olde Prairie Block Owner, LLC*, 448 B.R. at 493. When a debtor maintains that the value of the property exceeds the creditor's debt, the creditor is entitled to receive postpetition payments as adequate protection. *See. In re Caldwell's Corner Partnership*, 174 B.R. 744, 761 (Bankr. N.D. Ill. 1994).

42. The debtor bears the burden of proving the creditor's interest is adequately protected in order to preserve the automatic stay. The decision to grant relief from the stay rests within the sound discretion of the court.

43. BOBS lacks adequate protection of its $6,900,000.00 interest in the Property for the following reasons:

    a. Interest on the BOBS debt is accruing at the rate of thirteen percent which is approximately $74,000.00;

    b. There are 1,049,663.25 in unpaid real estate taxes that bear interest at the statutory rate which could be more than $180,000.00 per month;

    c. On March 1, 2018 the Debtor will owe another $159,785.12 in real estate taxes for the first installment of 2017;

    d. On March 15, 2018, the redemption period will expire for $755,296.54 in unpaid taxes purchased by Elm Limited;

    e. The Debtor cannot make post-petition payments to Bobs;

    f. The Debtor cannot make any payments for real estate taxes; and

    g. The Debtor has no use of cash collateral and no income.

44. "[I]f a creditor is threatened with a decline in the value of its interest in the estate's property, the estate must take action to make up the decline. If the estate fails to provide adequate protection . . . in the face of a decline in the value of a creditor's interest in the estate property, the creditor is entitled to relief from the automatic stay, allowing it to pursue nonbankruptcy remedies against the property securing its claim. 11 U.S.C. § 362(d)(1)." *In re Markos Gurnee Partnership*, 252 B.R. 712, 716 (Bankr. N.D. Ill. 1997).

45. The Debtor's failure to make post-petition payments for BOBS' debt and the real estate tax debt diminishes BOBS' interest and constitutes a lack of adequate protection. Under these circumstances, BOBS is entitled to relief from the automatic stay for lack of adequate protection under section 362(d)(1) of the Code.

WHEREFORE, BOBS LLC d/b/a/ BOBS NEVADA LLC, prays for the entry of an order granting it relief from the stay pursuant to 11 USC §362(d)(1), and granting such other relief the court deems proper and just.

Dated: February 6, 2018.

                                      Respectfully submitted,

                                      **BOBS LLC d/b/a/ BOBS NEVADA LLC**

                                      By: /s/ Ronald Austin, Jr.
                                              One of Its Attorneys

Ronald Austin, Jr. ARDC No. 6242453
Karen J. Porter ARDC No. 6188626
Ashley Starks ARDC No. 6317930
GRANT LAW, LLC
230 West Monroe Street, Suite 240
Chicago, Illinois 60606
(312) 551-0111

## REQUIRED STATEMENT
## TO ACCOMPANY MOTIONS FOR RELIEF FROM STAY

All Cases: Debtor(s) __2950 W. Golf, LLC__  Case No. __17-36643__ Chapter __11__

All Cases: Moving Creditor __BOBS, LLC__  Date Case Filed __12/11/17__

Nature of Relief Sought: ☑ Lift Stay    ☐ Annul Stay    ☐ Other (describe) _____

Chapter 13: Date of Confirmation Hearing _____ or Date Plan Confirmed _____

Chapter 7: ☐ No-Asset Report Filed on _____
☐ No-Asset Report not Filed, Date of Creditors Meeting _____

1. Collateral
   a. ☐ Home
   b. ☐ Car   Year, Make, and Model _____
   c. ☑ Other (describe) __Real Estate: 2950 W. Golf Road, Mount Prospect, Illinois__

2. Balance Owed as of Petition Date   $ __6,990,216.74__
   Total of all other Liens against Collateral $ __1,049,663.20__

3. In chapter 13 cases, if a post-petition default is asserted in the motion, attach a payment history listing the amounts and dates of all payments received from the debtor(s) post-petition.

4. Estimated Value of Collateral (must be supplied in *all* cases)  $ __8,200,000.00__

5. Default
   a. ☑ Pre-Petition Default
      Number of months ____   Amount $ __6,990,216.74 matured__

   b. ☑ Post-Petition Default
      i. ☑ On direct payments to the moving creditor
         Number of months __2__   Amount $ __148,000 estimated__

      ii. ☐ On payments to the Standing Chapter 13 Trustee
         Number of months ____   Amount $ ____

6. Other Allegations
   a. ☑ Lack of Adequate Protection § 362(d)(1)
      i. ☐ No insurance
      ii. ☑ Taxes unpaid   Amount $ ____
      iii. ☐ Rapidly depreciating asset
      iv. ☑ Other (describe) __No postpetition payments__

   b. ☐ No Equity and not Necessary for an Effective Reorganization § 362(d)(2)

   c. ☐ Other "Cause" § 362(d)(1)
      i. ☐ Bad Faith (describe) _____
      ii. ☐ Multiple Filings
      iii. ☐ Other (describe) _____

   d. Debtor's Statement of Intention regarding the Collateral
      i. ☐ Reaffirm   ii ☐ Redeem   iii. ☐ Surrender   iv. ☑ No Statement of Intention Filed

Date: __2/6/18__                         __/s/Ronald Austin, Jr.__
                                         Counsel for Movant

(Rev. 12/21/09)